FILED
Aug 25, 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

PHILLIP A. TALBERT
United States Attorney
MICHAEL G. TIERNEY
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

**SEALED**

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:22-CR-00233 |
|---|---|
| Plaintiff, | 18 U.S.C. §§ 2262(A)(2) & 2 – Interstate Violation of Protection Order and Aiding and Abetting |
| v. | |
| SHANA GAVIOLA & JULIO SANDOVAL, | |
| Defendant. | |

INDICTMENT

COUNT ONE: [18 U.S.C. §§ 2262(a)(2) and 2 – Interstate Violation of Protection Order and Aiding and Abetting]

The Grand Jury charges:

SHANA GAVIOLA and
JULIO SANDOVAL

defendants herein, as follows:

1. Defendant Gaviola was a resident of Fresno County in the state and Eastern District of California. Defendant Sandoval was a resident of Missouri.

2. Defendant Gaviola was the mother of a minor child, ("Minor Victim" or "MV"). Beginning in 2020, MV lived separate and apart from defendant Gaviola with another family in Fresno County, within the state and Eastern District of California.

3. On or about July 13, 2021, MV applied to the Fresno County Superior Court for a

INDICTMENT

1

domestic violence restraining order against defendant Gaviola. The petition alleged that defendant Gaviola had mistreated MV while in her care and that she was harassing MV and the family with whom MV resided.

4. On or about the same date, MV also petitioned the Fresno County Superior Court to be declared an emancipated minor. When a court declares a minor to be emancipated, that minor becomes free from the custody of the minor's parents and assumes many legal rights of an adult.

5. On July 14, 2021, a Fresno County Superior Court judge signed and issued a temporary restraining order pursuant to MV's request for a domestic violence restraining order. Among its other provisions, the temporary restraining order mandated that defendant Gaviola could not harass, strike, threaten, assault, hit, follow, stalk, molest, disturb the peace, keep under surveillance, or block the movements of MV. The temporary restraining order also prohibited defendant Gaviola from contacting MV directly or indirectly in any way. The restraining order also stated that only MV could use, control and possess MV's iPhone8. The restraining order advised defendant Gaviola that she could be charged with a federal crime if she made the protected person travel out of state with the intention of disobeying the order. A court set a hearing on the temporary restraining order for Monday, August 23, 2021.

6. Officers of the Clovis Police Department served Gaviola with the restraining order by email on July 15, 2021 and confirmed with Gaviola that she had received it. MV's attorney also served Gaviola in person with the restraining order on August 18, 2021.

7. Defendant Gaviola thereafter contacted defendant Sandoval. Defendant Sandoval was at the time the dean of students for a boarding school in Stockton, Missouri (the "Boarding School"). At all relevant times, the Boarding School purported to provide boarding school education for "at-risk or unmotivated boys." He was also the founder of an agency that transported minors to the Boarding School (the "Transport Agency"). Defendants Gaviola and Sandoval agreed to send two individuals affiliated with the Boarding School and Transport Agency to take physical custody of MV and transport MV from California to Missouri. Defendant Sandoval thereafter engaged two individuals to perform the transport.

8. The members of the Transport Agency acted at all times under the command, direction, and control of defendants Gaviola and Sandoval. For example, defendants Gaviola and Sandoval caused

the two members of the Transport Agency to travel to Fresno, California. Defendant Gaviola learned where MV would be located on the morning August 21, 2021 and relayed this information to the members of the Transport Agency and others. Defendant Gaviola also supplied the members of the Transport Agency with a falsified court document for the purpose of coercing MV to travel to Missouri and to convince members of the Transport Agency that they were authorized to physically secure and transport MV to the Boarding School in Missouri.

9. On August 21, 2022, acting with the aid, counsel, and at the command of defendants Gaviola and Sandoval, the two individuals from the Transport Agency, and others acting at the direction of defendant Gaviola, located MV at a business in Fresno, California that Gaviola identified as the place where MV was employed. They provided the falsified court document to an adult with whom MV was residing. They then took hold of MV, directed MV to get in a rented automobile and handcuffed MV's hands behind MV's back. The members of the Transport Agency removed MV's iPhone 8 from MV's possession. The two members of the Transport Agency drove MV for approximately twenty-seven consecutive hours to the Boarding School in Missouri. MV remained restrained during the entire drive.

10. On August 21, 2021, law enforcement officers contacted defendant Sandoval by phone while the members of the Transport Agency were driving MV from California to Missouri. Law enforcement officers advised defendant Sandoval and the members of the Transport Agency that MV had an active restraining order against defendant Gaviola. Nevertheless, defendants Sandoval and Gaviola continued to cause and direct the members of the Transport Agency to drive MV from California to Missouri.

11. Once the members of the Transport Agency arrived in Missouri, they delivered MV to the Boarding School. Acting at the command, direction, and control of defendant Sandoval, members of the Boarding School detained MV within the facility, despite requests by MV's father to release MV into his custody. Eventually, on or about August 29, 2021, after approximately eight days of detention, the Boarding School released MV to the custody of MV's father.

12. Between on or about August 18, 2021 and August 29, 2021, defendants Gaviola and Sandoval, and individuals acting under their command and under their direction and control, knowingly caused MV to travel in interstate commerce by force, coercion, duress, and fraud, and in the course of,

as a result of, and to facilitate such conduct and travel, defendants Gaviola and Sandoval, and individuals acting under their command and under their direction and control, engaged in conduct that violated a portion of a protection order against defendant Gaviola in Fresno County, which prohibited and provided protection against violence, threats, and harassment against, contact and communication with, and physical proximity to MV, and would violate such portion of a protection order in the jurisdiction in which the order was issued.  Specifically, defendants Gaviola and Sandoval violated and caused the violation of, and aided and abetted the violation of, the temporary restraining order issued by the Superior Court of Fresno County California on July 14, 2021, prohibiting defendant Gaviola from harassing, striking, threatening, assaulting, hitting, following, stalking, molesting, disturbing the peace, keeping under surveillance, and blocking the movements of MV, and contacting MV in any way, including directly or indirectly, and from denying MV the use, control, and possession of MV's iPhone 8.

All in violation of Title 18, United States Code, Section 2262(a)(2).

A TRUE BILL.

/s/ Signature on file w/AUSA

FOREPERSON

PHILLIP A. TALBERT
United States Attorney

**KIRK E. SHERRIFF**

KIRK E. SHERRIFF
Assistant United States Attorney
Chief, Fresno Office

INDICTMENT                    4