1
2
3
4
5
6
7

8                      UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,              Case No.  1:22-CR-00233-JLT-SKO

12            Plaintiff,                   ORDER OVERRULING MR.
                                           SANDOVAL'S OBJECTION TO THE
13       v.                                COURT ORDERING THE TRIAL DATE
                                           TO BE CONTINUED AND DENYING
14  JULIO SANDOVAL, et al,                 HIS MOTION FOR SEVERANCE OF HIS
                                           TRIAL
15            Defendants.
                                           (Doc. 122)
16

17            Mr. Sandoval, having failed to appear at the last status conference where the issue was

18  raised, objects to the Court's intended decision to continue the trial date to allow Ms. Gaviola's

19  newly retained attorney to be prepared.  For the reasons set forth below, the motion is **DENIED**.

20  **I.      Background**

21            The government alleges that Shana Gaviola and Julio Sandoval took steps to transport the

22  minor, MV, from California to Missouri over MV's objection and without legal authority to do

23  so. The indictment alleges further that when MV arrived in Missouri, Sandoval refused to release

24  MV and held him there for eight days. Ms. Gaviola and Mr. Sandoval are charged with a

25  violation of 18 U.S.C. § 2262(a)(2).

26            About eight weeks before the trial, Ms. Gaviola's former attorney, Anthony Capozzi,

27  sought to withdraw from her representation. (Doc. 106) The Court granted the request (*Id.*) but

28  then appointed Mr. Capozzi under its authority under the Criminal Justice Act (Doc. 109). The

same day, June 26, 2025, Mr. Capozzi sought to have the Court hold a *Marsden* hearing, which it held on July 3, 2025[1]. (Doc. 114) The Court denied the *Marsden* motion but set a status conference for July 10, 2025, to determine whether Ms. Gaviola would retain new counsel and, if so, the impacts, if any for the upcoming trial. The Court gave notice of the status conference to all counsel, including counsel for Mr. Sandoval (Doc. 117). Apparently deciding that the status conference had nothing to do with Mr. Sandoval, his attorneys did not appear.[2] (Doc. 122 at 1)

In any event, at the June 10, 2025, status conference, Ms. Gaviola's replacement counsel, Mr. Pallas, and Ms. Gaviola affirmed that Mr. Pallas had been retained and was not seeking appointment at the public expense.[3] Mr. Pallas reported that he could be prepared to try the case in October 2025[4] but was unavailable for various reasons—including not having seen the discovery—before then. Despite proposing the October trial date, the Court refused to vacate the current trial date and select a new date in large part because Mr. Sandoval's counsel were not present and it wished to give Mr. Sandoval an opportunity to object, but also because the question of when the trial should proceed should be resolved as soon as possible.

## II.    Mr. Sandoval's objection[5]

Mr. Sandoval's counsel object to the trial being continued, and they assert Mr. Sandoval's

---

[1] The hearing was delayed due to Mr. Capozzi's unavailability. (Doc. 113)

[2] The minute order setting the status conference reads, in relevant part, "Status Conference set for 7/10/2025 at 08:30 AM in Courtroom 4 (JLT) before District Judge Jennifer L. Thurston." The Court served the minute order on all counsel including Mr. Sandoval's lawyers, at 9:59 a.m. on July 3, 2025 (Doc. 114). Neither of his attorneys appeared at the hearing. Mr. Sandoval has a standing waiver of his appearance on file. (Doc. 62; Doc. 63) Nevertheless, the objection indicates, without evidence, that the "status conference was a hearing only as to Mr. Gaviola's to substitute new counsel." *Id.* The Court is stymied that counsel assumed that this was the case but decided that the conference could have no impact on Mr. Sandoval. A probable consequence of having new counsel appear would be that it would or could necessitate discussion of the case deadlines.

[3] Without doubt, Ms. Gaviola is entitled to retain counsel of her choosing. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144-148 (2006).

[4] The Court, at this point, has multiple trials set every week in October. November 12 or 18 seem more likely to be available as of now. However, if counsel prefer an October trial date, the Court will take steps to clear the date selected, move their trial to Sacramento or seek a visiting judge to accommodate that preference.

[5] Counsel also object that they have arranged their schedules to accommodate the trial as currently scheduled, seemingly, as their primary argument as to why the trial date should not be changed. Though the Court is sympathetic to the burdens imposed by choosing a career as a trial attorney, these burdens must give way to a defendant's constitutional right under the Sixth Amendment. Because counsel's inconvenience is not a lawful justification for depriving a defendant of the effective assistance of counsel, the Court need not address this argument further.

1  right to a Speedy Trial. Along these lines, they assert that the fact that Ms. Gaviola has chosen to

2  retain new counsel "on the eve of trial" is unreasonable and cannot give rise to a finding

3  excluding time under the Speedy Trial Act. Thus, Mr. Sandoval seeks severance of his trial, so

4  that it may proceed on August 19, 2025.

5  **II.    Analysis**

6  **A.    The defendant has failed to demonstrate the joint trial would compromise a**

7  **specific trial right or that serious prejudice will result if the Court does not grant severance**

8  Federal Rule of Evidence 14 provides for the severance of charges or defendants if joinder

9  "appears to prejudice a defendant or the government" and permits separate trials of counts or

10  defendants, or "any other relief that justice requires." The standard for showing prejudice is high.

11  *United States v. Vasquez-Velasco*, 15 F.3d 833, 845 (9th Cir. 1994). When the government has

12  properly indicted defendants jointly, a joint trial is the "preference in the federal system." *Zafiro*

13  *v. United States*, 506 U.S. 534, 537 (1993). Joint trials "promote efficiency and 'serve the

14  interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *Id.* (quoting

15  *Richardson v. Marsh*, 481 U.S. 200, 209 (1987)). Mr. Sandoval does not contend that his case is

16  improperly joined with Ms. Gaviola's case, and the Court agrees. Consequently, severance is

17  appropriate only when a defendant shows that "there is a serious risk that a joint trial would

18  compromise a specific trial right ... or prevent the jury from making a reliable judgment about

19  guilt or innocence." *Zafiro*, at 539. "The burden is on the defendant to show 'clear,' 'manifest,' or

20  'undue' prejudice from a joint trial." *United States v. Mikhel*, 889 F.3d 1003, 1046 (9th Cir. 2018)

21  (quoting *United States v. Polizzi*, 801 F.2d 1543, 1553–54 (9th Cir. 1986)). A defendant:

22  > must also show violation of one of his substantive rights by reason of the joint
23  > trial: unavailability of full cross-examination, lack of opportunity to present an
   > individual defense, denial of Sixth Amendment confrontation rights, lack of
24  > separate counsel among defendants with conflicting interests, or failure properly to
   > instruct the jury on the admissibility of evidence as to each defendant.

25  *United States v. Escalante,* 637 F.2d 1197, 1201 (9th Cir. 1980).

26  Mr. Sandoval makes no effort to demonstrate that a joint trial would subject him to

27  prejudice. Indeed, until today, he never voiced any objection to proceeding to trial with his co-

28  defendant and, even now, does not object so long as the trial occurs on August 19, 2025.

1    Likewise, he makes no effort to demonstrate that a specific trial right would be compromised

2    unless his trial is severed.  Because Mr. Sandoval has failed to make the required showing, his

3    motion for severance is **DENIED**.

4                 **i.      The Speedy Trial right as a "specific trial right"**

5            The rationale that joint trials save time and preserve resources is beyond dispute. Given

6    the intertwined factual allegations raised in this case (Doc. 125 at 1-20, trying this case twice

7    would require double the judicial resources, would require prosecutors to "present[ ] the same

8    evidence again and again, requiring victims and witnesses to repeat the inconvenience (and

9    sometimes trauma) of testifying." *Richardson*, 481 U.S. at 210. More important, it risks

10   inconsistent verdicts.[6]

11           On the other hand, the Court acknowledges and respects that the right to a speedy trial "is

12   as fundamental as any of the rights secured by the Sixth Amendment," (*Klopfer v. North*

13   *Carolina,* 386 U.S. 213, 223 (1967)), and it is "one of the most basic rights preserved by our

14   Constitution" (*Id*. at 226). Despite this, Mr. Sandoval cites to no Supreme Court or Ninth

15   Circuit—or any circuit—authority that the speedy trial right justifies severance. At most, Mr.

16   Sandoval cites only to a docket entry in which a Magistrate Judge set a trial only as to the one

17   defendant who refused to exclude time under the Speedy Trial Act. (Doc. 122 at 4) Counsel for

18   Mr. Sandoval fail to explain how this docket entry of the applies here, how it constitutes legal

19   precedent or how, given there was no legal analysis set forth in the docket entry, how the Court is

20   to presume that it supports the situation here. Nor does he cite legal authorities that support his

21   implicit claim that assertion of a speedy trial right is a proper legal basis for a severance motion.

22           The Court is aware of only one case, *United States v. Yandell*, 2023 WL 2620418 (E.D.

23   Cal. March 23, 2023), which holds that a speedy trial is one of the "specific trial rights" that can

24   justify severance under Rule 14. On the other hand, without determining that the speedy trial

25   rights constitute a specific trial right, implicitly in *United States v. Messer*, 197 F.3d 330, 336 (9th

26   Cir. 1999), the Court found that the 21-month delay caused by a co-defendant being prosecuted in

27   

28   

---

[6] For example, if a jury acquits Ms. Gaviola because she acted with lawful authority, seemingly, Mr. Sandoval would be entitled to an acquittal, assuming he did not exceed the authority Ms. Gaviola extended to him. If tried separately, two juries may come to different conclusions.

1  a different court on different charges, was unreasonable and the trial court should have severed

2  the trial from that of the remaining defendants. Even still, assuming a speedy trial right can justify

3  severance, Mr. Sandoval provides no support that it is justified in this case.

4       First, Mr. Sandoval complains that this case has been pending for three years such that

5  forcing him to delay trial is "manifestly unreasonable." (Doc. 122 at 4) Notably, Mr. Sandoval

6  has repeatedly—since the first day he appeared for his arraignment—excluded time under the

7  speedy trial clock. The Court has counted ten instances when he has stipulated in writing to

8  exclude time—including for a period of six months because the paralegal for his attorneys would

9  under undergoing shoulder surgery. (Doc. 75) He has excluded time in person (via counsel)[7] three

10  times. As a result, his Speedy Trial clock, to the Court's calculation, will not expire until October

11  27, 2028, at the earliest. Thus, only as to the recent delay caused by Ms. Gaviola's change in

12  counsel has Mr. Sandoval considered the time exclusion to be unreasonable.

13       Second, the delay contemplated here will result in the trial falling within the 70-period

14  required by the Speedy trial act or within a few weeks thereafter. If it is the former, there is no

15  violation of the Speedy Trial Act even assuming he refuses to exclude time. If the trial

16  commences before the end of November—which is the outermost that the Court contemplates

17  that the trial should be moved—the slight delay is not unreasonable when weighed against Ms.

18  Gaviola's constitutional right to proceed to trial with an attorney who has her full faith.

19       In *United States v. Varella*, 692 F.2d 1352, 1359 (11th Cir.1982), the court explained,

20  "Congress recognized the utility of multi-defendant trials to effectuate the prompt efficient

21  disposition of criminal justice. It felt that the efficiency and economy of joint trials far

22  outweighed the desirability of granting a severance where the criterion was simply the passage of

23  time." Consequently, the Court does not find that there has been a wrongful or unfair delay in the

24  matter coming to trial and does not find that the slight delay occasioned by the change in Ms.

25  Gaviola's counsel to be unreasonable. For these reasons, there is no "serious risk" that if Mr.

26  Sandoval's trial is not severed, he will be deprived of a Sixth Amendment right. See *Zafiro*, 506

27

28  [7] It appears that Mr. Sandoval was never taken into custody in this case and has been—and still is—released on conditions. (Doc. 13)

1    U.S. at 539.

2       **B.      The Speedy Trial Act**

3          In general, according to the Speedy Trial Act, the trial must begin within 70 days from the

4    defendant's initial appearance or from the filing of the indictment, whichever is later. 18 U.S.C. §

5    3161(c)(1). However, there are many circumstances and associated time periods that are excluded

6    from the computation of the 70-day period. 18 U.S.C. § 3161(h). To evaluate the reasonableness

7    of delay under the Speedy Trial Act, the Court must consider, in addition to the Court's analysis

8    above, whether the defendant will suffer actual prejudice and whether the delay is needed to make

9    a joint trial possible.

10         First, the Court has found, as detailed above, that Mr. Sandoval has not suffered any actual

11    prejudice thus far. *United States v. Hall*, 181 F.3d 1057, 1062 (9th Cir. 1999). The docket reflects

12    that the time exclusions—to August 19, 2025—were based on the stipulations of the parties and

13    with Mr. Sandoval's express consent. Thus, the Court finds that Mr. Sandoval has not

14    demonstrated that he has suffered actual prejudice under the Speedy Trial Act up to this point.

15         Second, the fact that trial will occur before the 70-day period expires or within weeks

16    thereafter, demonstrates that Mr. Sandoval will not suffer actual prejudice if the current trial date

17    is continued. Due to the intertwined nature of the factual allegations, and the need for Mr. Pallas

18    to become ready for trial, the Court finds that the proposed delay in the trial is reasonable[8] and

19    geared toward the goal of a having joint trial.[9] Thus, the Court does not find that the Speedy Trial

20    Act requires granting Mr. Sandoval's motion to sever because he has not overcome the strong

21    presumption for a joint trial. *United States v. Zar*, 790 F.3d, 1036, 1043 (10th Cir. 2015).

22    ///

23    ///

24    ///

25    [8] The argument that the Court is to evaluate the reasonableness of Ms. Gaviola's delay in retaining new

26    counsel rather than the reasonableness of the day occasioned thereby, is not supported by legal analysis
     and is contrary to the legal authorities that the Court located. *See United States v. Messer*, 197 F.3d 330,
     336 (9th Cir. 1999); *U.S. v.*

27    [9] The Speedy Trial Act authorizes exclusions of time for a "reasonable period of delay when the defendant

28    is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance
     has been granted." 18 U.S.C. § 3161(h)(7).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ORDER

For the reasons discussed, the Court **ORDERS** that Mr. Sandoval's objection to continuance of the trial is **OVERRULED** and his motion to sever his trial is **DENIED**.

IT IS SO ORDERED.

Dated:    **July 16, 2025**

UNITED STATES DISTRICT JUDGE