HEATHER E. WILLIAMS, Bar #122664
Federal Defender
GRIFFIN ESTES, Bar #322095
REED B. GRANTHAM, Bar # 294171
Assistant Federal Defenders
Designated Counsel for Service
2300 Tulare Street, Suite 330
Fresno, CA  93721-2226
Telephone: 559-487-5561/Fax: 559-487-5950

Attorneys for Defendant
JULIO SANDOVAL

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.  1:22-cr-000233 JLT |
|---|---|
| *Plaintiff*, | OBJECTION TO CONTINUANCE OF TRIAL |
| vs. | DATE:   October 7, 2025<br>TIME:    9:00 a.m. |
| JULIO SANDOVAL, | JUDGE: Hon. Jennifer L. Thurston |
| *Defendant.* | |

On October 3, 2025, Ms. Gaviola filed a motion to dismiss in this matter, raising allegations related to contact between Ms. Gaviola and an Assistant United States Attorney handling this matter. *See* Dkt. #177. Thereafter, the Court issued a minute order vacating the October 7, 2025 trial date and setting an evidentiary hearing for October 7, 2025. *See* Dkt. #178. Mr. Sandoval herein lodges his objection to a continuance of the October 7, 2025 trial date and re-asserts his right to a speedy trial. By way of background, this matter was previously set for trial on August 19, 2025. *See* Dkt. #100. However, on July 10, 2025, the August 19, 2025 trial date was vacated over Mr. Sandoval's objection. *See* Dkt. #117, #122, #126. A new trial date was then set for October 7, 2025, and although Mr. Sandoval invoked his right to a speedy trial and objected to exclusion of time under the Speedy Trial Act, the Court excluded time. *See* Dkt. #127.

Mr. Sandoval renews his objection to vacating the trial date and reasserts his right to a speedy trial. This Court has already ordered the United States Marshals Service to pay for Mr. Sandoval's travel, and travel arrangements have been made. Subpoenas have been issued, exhibits lodged, and witness lists filed. Substantial government resources have been expended to ensure that both parties are prepared for trial. For these reasons, Mr. Sandoval respectfully submits that trial should proceed as scheduled on October 7, 2025. Mr. Sandoval objects to another continuance of his trial, maintains his assertion of his right to a speedy trial, and objects to further exclusion of time. Alternatively, Mr. Sandoval moves the Court to sever him from Ms. Gaviola.

It is now evident that continued joinder of Ms. Gaviola and Mr. Sandoval is prejudicial, while offering little benefit in terms of judicial economy. In determining whether severance is warranted, the Court must balance the risk of prejudice against the interest in conserving judicial resources. *United States v. Kennedy*, 564 F.2d 1329 (9th Cir. 1977). The Supreme Court has made clear that "when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Those risks are squarely present here. Joinder threatens Mr. Sandoval's constitutional rights to a speedy trial, to confrontation, and to due process. The prejudice to Mr. Sandoval substantially outweighs any marginal efficiency in trying these defendants together. For these reasons, Mr. Sandoval respectfully requests that the Court sever his case from that of his co-defendant so that his trial may proceed as scheduled on October 7, 2025.

//

//

//

Respectfully submitted,

                                      HEATHER E. WILLIAMS
                                      Federal Defender

DATED: October 3, 2025                /s/ *Griffin Estes*
                                        GRIFFIN ESTES
                                        REED GRANTHAM
                                        Assistant Federal Defenders
                                        Attorneys for Defendant
                                        JULIO SANDOVAL

Sandoval: Objection